UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL FRANCIS, <br> CARMEN J. FRANCIS, <br><br> Appellants, <br><br> v. <br><br> EMC MORTGAGE LLC., <br> HOMESALES, INC., <br> FANNIE MAE, <br> JP MORGAN CHASE BANK, <br> LAWRENCE T. NEWMAN, <br><br> Appellees. | No. 1:18-cv-00049-JRS-MJD |

**REPORT AND RECOMMENDATION**

This matter is before the Court on *Appellees' Motion to Dismiss Appeal* [Dkt. 12]. Appellees EMC Mortgage, LLC f/k/a EMC Mortgage Corporation and JP Morgan Chase Bank, N.A. (collectively "Appellees") seek an order dismissing Appellants' Michael and Carmen Francis ("the Francises") appeal [Dkt. 1] for lack of jurisdiction pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure. On October 10, 2018, Judge James R. Sweeney II designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 23.] For the reasons set forth below, the Magistrate Judge recommends that Appellees' Motion be **GRANTED**.

**I.  Background**

On April 22, 2014, the Francises filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *See* Bankr. Case No. 14-03586-JMC-7 [Bankr. Dkt. 1]. On July 13, 2016, the bankruptcy court entered its final decree and closed the case. [Bankr. Dkt. 175.] Thereafter,

1

the Francises filed a motion to reopen the case [Bankr. Dkt. 179], to which the court denied [Bankr. Dkt. 184]. The Francises then filed another motion, seeking the court to reconsider its order, which the court denied as well on December 6, 2017. [Bankr. Dkt. 189.] Subsequently, the Francises filed their notice of appeal with the bankruptcy court on January 5, 2018. [Bankr. Dkt. 191.] On March 15, 2018, Appellees filed a motion to dismiss [Dkt. 12], which is now before the Court.

## II.     Legal Standard

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court pursuant to 28 U.S.C. § 158(a). *In re Sobczak-Slomczewski*, 826 F.3d 429, 431 (7th Cir. 2016). Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." This deadline to file a notice of appeal is jurisdictional. *In re Sobczak-Slomczewski*, 826 F.3d at 432. "[T]he failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal." *Id.*

## III.     Analysis

The Francises appeal the bankruptcy court's December 6, 2017 order. Their notice of appeal was filed on January 5, 2018 – sixteen days after the deadline imposed by Rule 8002(a)(1). The bankruptcy court may extend the time to file a notice of appeal upon a party's motion if it is filed within 14 days of the court's order, or, upon a showing of excusable neglect, within 35 days of the court's order. Fed. R. Bankr. P. 8002(d)(1). The Francises, however, failed to seek leave from the court under Rule 8002(d)(1) to extend the time to appeal.[1]

---

[1] In their Verified Objection to Dismissal [Dkt. 14], the Francises state they were given an extension of time to file their brief [Dkt. 8], but do not argue they requested or were given an extension of time to file their notice of appeal.

2

The fact that the Francises are *pro se* does not excuse them from this deadline – "there are no equitable exceptions to a jurisdictional requirement." *In re Sobczak-Slomczewski*, 826 F.3d at 432 (citing *Bowles v. Russell*, 551 U.S. 205, 208-13 (2007)); *see also Netzer v. Office of Lawyer Regulation*, 851 F.3d 647 (7th Cir. 2017) (enforcing the jurisdictional deadline for a *pro se* litigant).  Thus the Court "lack[s] an 'equitable' power to contradict the bankruptcy statutes and rules." *Netzer*, 851 F.3d at 649 (citing *Law v. Siegel*, 571 U.S. 415, 421 (2014); *In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004)).  Because the Francises failed to timely file a notice of appeal or seek additional time from the bankruptcy court, this Court is without jurisdiction to hear their appeal.  *Id.*

### IV.  Conclusion

Based on the foregoing, the Court finds that it lacks jurisdiction to hear the Francises' bankruptcy appeal.  As such, the Magistrate Judge recommends *Appellees' Motion to Dismiss Appeal* [Dkt. 12] be **GRANTED**.

Consequently, Appellee's *Motion to Stay Deadline for Appellees' Brief* [Dkt. 16] is hereby **GRANTED** and the deadline for Appellees to file their brief is stayed pending resolution of this Report and Recommendation.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  15 OCT 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

3

Distribution:

MICHAEL FRANCIS
6130 Bordeaux Court
Unit #73
Indianapolis, IN 46220

CARMEN J. FRANCIS
6130 Bordeaux Court
Unit #73
Indianapolis, IN 46220

LAWRENCE T. NEWMAN
4102 66th Street Circle West
Bradenton, FL 34209

Kevin Connor
DYKEMA GOSSETT PLLC
Kconnor@dykema.com

Maria A. Diakoumakis
DYKEMA GOSSETT PLLC (Chicago)
10 S. Wacker Drive
Suite 2300
Chicago, IL 60606

Mark J. Magyar
DYKEMA GOSSETT PLLC
mmagyar@dykema.com